UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LEROY R. CHENEY, SR., of Sanford, County of York and State of Maine, ) ) ) | |
| PLAINTIFF ) | |
| vs. ) ) | CIVIL ACTION Docket No. |
| VERIZON MAINE, INC. ) ) | |
| DEFENDANTS ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Leroy R. Cheney, Sr., (hereinafter "Plaintiff"), by and through his counsel James F. Molleur, LLC, and complains against Defendant Verizon Maine, Inc. (hereafter referred to as "Verizon," for convenience), as follows:

1. 15 U.S.C. § 1681, et seq., 15 U.S.C. § 1692 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1334(a); venue is appropriate in this District pursuant to 28 U.S.C. § 1408.

**PRELIMINARY STATEMENT**

2. Plaintiff is an individual residing in Sanford, County of York and State of Maine.

3. Verizon is a New York Corporation with principal offices in Columbus Ohio.

**FACTUAL ALLEGATIONS**

4. Prior to January 2006, Plaintiff opened and maintained an account with Verizon.

5. Prior to January 2006, Plaintiff ceased making payments on the account.

6. Plaintiff's account balance of $277.14 was subsequently transferred to AFNI, a debt collector, for collection.

7. In or around January, 2006, Plaintiff retained James F. Molleur, LLC to negotiate one-time settlement offers on his outstanding accounts.

8. On or about March 14, 2006, Plaintiff's counsel negotiated a settlement for Verizon's account with AFNI, agreeing to pay the outstanding balance in full. Attached as Exhibit A is a true and accurate copy of a letter from AFNI dated March 13, 2006, setting forth the balance due.

9. Pursuant to the settlement agreement with AFNI, Plaintiff's counsel made payment via check in the amount of $277.14 on March 14, 2006. Attached as Exhibit B is a true and accurate copy of the telephonic check presented to AFNI.

10. AFNI received the check via telephone on March 14, 2006.

11. In August 2006, Plaintiff received his credit report from Equifax, Transunion, and Experian, in order to verify that his settled accounts were being correctly reported.

12. In reviewing his credit reports, Plaintiff noticed that all three of his credit reports listed the Verizon account as "in collection."

13. Shortly after August 31, 2006, Plaintiff wrote letters to each of his credit reporting agencies, requesting that those agencies make corrections to his credit reports. Attached as Exhibit C are true and accurate copies of those letters.

14. Plaintiff received a response from at least two of his credit reporting agencies, indicating that the status of the accounts had been verified.

15. On December 6, 2006, Plaintiff again received his credit report from Equifax, Transunion, and Experian.

16. Plaintiff's Equifax and Transunion reports list the account as in collection. His Equifax credit report contains a note that the account is "paid collection; account closed by credit grantor." His Transunion account contains a note indicating the account was "cancelled by credit grantor." Attached as Exhibit D is a true and accurate copy of the December 6, 2006 report for the Verizon account.

## COUNT I: WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

17. Plaintiff realleges and incorporates by reference paragraphs 4-16 of this Complaint.

18. Verizon is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b).

19. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

20. Upon information and belief, Verizon received notice from one or more of Plaintiff's credit reporting agencies concerning Plaintiff's letters, pursuant to 15 U.S.C. § 1681i(a)(2).

21. Upon information and belief, Verizon willfully failed to comply with the reasonable reinvestigation requirements imposed by 15 U.S.C. § 1681i(a)(1)(A), when it allowed the account to continue to be reported on all three of Plaintiff's credit reports and when it allowed the account to continue to be reported as in collection on Plaintiff's Equifax and Transunion credit reports.

3

22. Verizon is liable to Plaintiff for actual damages he suffered as a result of its willful noncompliance, including his pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, or damages of not less than $100 or more than $1,000, costs and reasonable attorneys fees, and such punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681.

## COUNT II: NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

23. In the alternative, Plaintiff realleges and incorporates by reference paragraphs 4-16 of this Complaint.

24. Verizon is a "person" under The Fair Credit Reporting Act, 15 U.S.C. § 1681a(b).

25. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

26. Upon information and belief, Verizon received notice from one or more of Plaintiff's credit reporting agencies concerning Plaintiff's letters, pursuant to 15 U.S.C. § 1681i(a)(2).

27. Upon information and belief, Verizon negligently failed to comply with the reasonable reinvestigation requirements imposed by 15 U.S.C. § 1681i(a)(1)(A), when it allowed the account to continue to be reported on all three of Plaintiff's credit reports and when it allowed the account to continue to be reported as in collection on Plaintiff's Equifax and Transunion credit reports as in collection.

28. Verizon is liable to Plaintiff for actual damages he suffered as a result of its negligent noncompliance and costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1681.

## COUNT III: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT

29. Plaintiff realleges and incorporates by reference paragraphs 4-16 of this Complaint.

30. Verizon is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10).

31. Plaintiff is a "consumer" under 10 M.R.S.A. § 1312(2).

32. Verizon regularly and in the ordinary course of its business furnishes information regarding consumers to credit reporting agencies.

33. Verizon violated its duty to avoid furnishing information to Plaintiff's credit reports that it knew or had reason to know to be inaccurate, pursuant to 10 M.R.S.A. § 1320-A(1)(A).

34. Verizon violated its duty to notify each of Plaintiff's credit reporting agencies when it determined information it previously reported was inaccurate or incomplete and to affirmatively provide corrections or additional information, pursuant to 10 M.R.S.A. § 1320-A(2).

35. Verizon failed to notify Plaintiff's credit reporting agencies of the voluntary closure of its account and the Household account through Plaintiff's settlement, pursuant to 10 M.R.S.A. § 1320-A(4).

36. Verizon is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, plus a sum of three times the actual damages, plus the costs of this action, together with reasonable attorney's fees for Verizon's willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

37. In the alternative, Verizon is liable to Plaintiff for the actual damages Plaintiff suffered, including the pain and suffering resulting from his inability to acquire a Bank of America L.L. Bean credit card, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus the costs of this action, together with reasonable attorney's fees for Verizon's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY VERIZON

38. Plaintiff re-alleges and incorporates by reference paragraphs 4-16 of this complaint.

39. Verizon's conduct in conduct in continuing to make regular reports to Plaintiff's credit reporting agencies suggesting that Plaintiff had an account in collection after Plaintiff settled his account with Verizon, was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

40. Verizon's actions caused Plaintiff severe emotional distress.

41. The emotional distress suffered by Plaintiff was severe so that no reasonable person could be expected to endure it.

6

42. Verizon intentionally or recklessly inflicted Plaintiff's severe emotional distress or was certain or substantially certain that such distress would result from its conduct

43. Plaintiff is entitled to recover relief for Verizon's intentional infliction of emotional distress.

## COUNT V: INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

44. Plaintiff re-alleges and incorporates by reference paragraphs 4-16 of this complaint.

45. Verizon has incorrectly reported that Plaintiff's account remains in collection to at least two of his credit reporting agencies.

46. Because Plaintiff settled his outstanding accounts, absent and prior to Defendant's actions, Plaintiff had a real and valid prospective economic advantage in his ability to acquire credit at a low rate based upon his improving credit score.

47. Verizon interfered with that prospective advantage through the use of fraud by falsely reporting that Plaintiff's account remains in collection.

48. Verizon's conduct was fraudulent because it falsely represented material facts with knowledge of their falsity or reckless disregard of whether they were true or false for the purpose of inducing its competitors to deny plaintiff credit in reliance upon the false information, and those competitors have denied or will deny him credit in the future based upon the reports.

49. Verizon's interference with Plaintiff's prospective economic advantage has hindered his ability to obtain credit, including but not limited to a Bank of America L.L. Bean credit card.

50. Plaintiff is entitled to recover damages from Verizon for its interference with his prospective economic advantage.

## COUNT VI: INVASION OF PRIVACY: FALSE LIGHT

51. Plaintiff re-alleges and incorporates by reference paragraphs 4-16 of this complaint.

52. Verizon published false statements and/or representations regarding Plaintiff's liability for its account by regularly sending statements to the three major credit reporting agencies.

53. The reports issued by Verizon were published in an arena open to all potential creditors, as well as Plaintiff's potential employers and other members of the public.

54. Verizon had knowledge of the falsity of the statements or acted in reckless disregard of whether they were true or false.

55. The false statements indicating that Plaintiff has an account in collection and an unpaid balance on another account which has been placed for collection would be considered highly offensive to a reasonable person.

56. Plaintiff is entitled to recover damages for Verizon's portrayal of him in a false light.

WHEREFORE, Plaintiff prays that this Court sanction Verizon, award such actual damages, including costs, attorneys fees and punitive damages as are appropriate, and grant such further injunctive or other relief as this Court deems just and reasonable.

Dated at Saco, Maine, this 15th day December, 2006.

JAMES F. MOLLEUR, LLC

By: /s/ James F. Molleur
James F. Molleur, Esq.

By: /s/ J. Scott Logan
J. Scott Logan, Esq.

Counsel for Plaintiff
P.O. Box 619, 209 Main St., Suite 104
Saco, ME  04072-0619
(207) 283-3777

jim@molleurlaw.com
scott@molleurlaw.com